UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BITTITAN, INC., a Washington corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>SKYKICK, INC., a Delaware corporation,<br><br>          Defendant. | CASE NO. C15-0754RSM<br><br>ORDER DENYING MOTION TO SEAL |

## I.     INTRODUCTION

THIS MATTER comes before the Court on Plaintiff's unopposed Motion to Seal certain documents.  Dkt. #36.  Defendant does not oppose the motion.  Dkt. #41.  For the reasons discussed below, the Court DENIES Plaintiff's motion without prejudice to re-filing.

## II.     DISCUSSION

"There is a strong presumption of public access to the court's files."  Local Rule CR 5(g)(2).  For nondispositive motions, "this presumption may be overcome by a showing of good cause."  *Id*.  For dispositive motions, parties must make a "compelling showing" that the public's right of access is outweighed by the parties' interest in protecting the documents.  *Id*.  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper

ORDER ON MOTION TO FILE
DOCUMENTS UNDER SEAL – 1

purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1136 (9th Cir. 2003)). Further, the Court will not grant broad authority to file documents under seal simply because the parties have designated them as confidential in the course of discovery. *Kamakana,* 447 F. 3d at 1183. "If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal." CR 5(g)(3). Thus, "the motion or stipulation to seal should include an explanation of why redaction is not feasible." *Id.*

Plaintiff has filed a motion seeking to file its Reply in support of its Motion for Preliminary Injunction and a supplemental Declaration under seal. Dkt. #36. The basis of the motion is that the information sought to be sealed is confidential, proprietary business information that relates to the documents the Court has already sealed in this matter. *Id.*

The documents sought to be sealed through this motion are:

1. BitTitan's Reply Brief in Support of Motion for Preliminary Injunction; and

2. the Supplemental Declaration of Dr. John Black in Support of Plaintiff's Motion for Preliminary Injunction.

Redacted versions of these documents have been filed publicly on the Court's docket. Dkts. #37 and #39. However, Plaintiff has failed to provide the Court with unredacted copies of the documents either by filing them electronically with their motion or by providing hard copies to

ORDER ON MOTION TO FILE
DOCUMENTS UNDER SEAL – 2

1

2
the Court.  As a result, the Court cannot determine whether the documents should be filed under

seal.

3
       Accordingly, the Court denies the instant motion without prejudice to re-filing the motion

4
with unredacted copies of the proposed documents to be filed under seal in accordance with

5
Local Civil Rule 5(g)(2)(B).

6
                          **III.    CONCLUSION**

7

8
       Having considered Plaintiff's Motion to Seal, the Court hereby finds and ORDERS that

9
Plaintiff's Motion to File Under Seal (Dkt. #36) is DENIED without prejudice.

10
       DATED this 13th day of August 2015.

11

12

13
                          RICARDO S. MARTINEZ
                          UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

ORDER ON MOTION TO FILE
DOCUMENTS UNDER SEAL – 3